[Civ. No. 32. Fourth Appellate District.—December 10, 1929.]

EMMA HUMMEL, Respondent, v. A. R. MULLER et al., Appellants.

Will H. Winston for Appellants.

Arthur E. Koepsel and John T. Houser for Respondent.

BARNARD, J.—Under an arrangement made by their respective managers, the plaintiff operated a welding shop in a machine-shop run by defendants at Huntington Beach, California. The arrangement was never reduced to writing, but the defendants were to deduct a percentage from the bills for work done by the welding company, and pay the balance to the plaintiff. After some months of operation, plaintiff sued defendants for the value of labor and materials done and furnished. Judgment was for the plaintiff and defendants have appealed.

Appellants first contend that the respondent failed to prove that she was doing business as the Placentia Welding Company at the times mentioned in the complaint. They argue that two parties, other than the plaintiff, were the real copartners in the Placentia Welding Company, at the time involved, basing this claim upon statements set forth in an affidavit filed in support of a motion for a new trial. The contention is utterly without merit. Aside from the impossibility of considering such evidence, under the circumstances, there was no failure of proof in this regard. It was stipulated at the trial that the respondent ''is doing business under this name and has filed a certificate and due affidavit of publication.'' The record shows no contradiction of the testimony of the manager for respondent that he was such manager; that he had authority to act for the company; that he made the arrangement in question; and that the Placentia Welding Company performed the work and services involved in this action. And during the progress of the trial it was stipulated that an audit of the work done, after deducting all of the credits, left a balance of $7,781.04 due from the defendants *to the plaintiff*.

It was further agreed by the parties that the above stipulation did not take into consideration whether defendants were entitled to an additional five per cent, as claimed, or whether, under the agreement, it was incumbent upon plaintiff to wait for her money until the same had been collected by the defendants from the customers. The court proceeded to hear evidence upon these two questions, and re-solved them both in favor of plaintiff. Appellants urge that

the evidence is insufficient to support the findings of the court upon these two points. In effect they argue that the preponderance of the evidence is the other way. But the manager of the plaintiff company testified positively that no additional five per cent was agreed upon, and that the agreement was that the amount of the bills should be paid on the first of each month. Defendant A. R. Muller testified that on one occasion he used $5,000 of a larger sum borrowed from the bank to pay a portion of respondent's account, although corresponding bills had not then been collected from the customers. The findings are amply sustained by the evidence, and the matters called to our attention by appellants create, at best, no more than a conflict in the evidence.

Appellants have included in their notice of appeal a statement that they further appeal from an order of the court denying a motion for a stay of execution pending the hearing of a motion for a new trial. Assuming that this was an appealable order, no showing of any kind in support of the motion appears to have been made in the trial court, and none is made here. Although mention of a bond is made in an order shortening the time for hearing of the motion, no bond of any kind appears in the record, and even the one so mentioned is not for double the amount of the judgment. Nothing appears, either at the hearing or since, to show any reason why the motion should have been granted, and no harm or prejudice is shown. While the record itself is silent on the point, appellants' brief indicates the purpose was accomplished by filing a stay bond on appeal.

An application was filed for leave to produce additional evidence, the hearing on which was continued until the time for presenting the cause on its merits. Two matters of evidence are sought to be produced here. As to the first one, it is contended that it was shown at the trial, by uncontradicted evidence, that one particular item should not have been included in the account between these parties. And we are asked to take the testimony of the auditor, whose audit was used at the trial, that this item is in fact included in the sum stipulated, except for the questions left to the decision of the court, to be due to the plaintiff. Not only was the correctness of the auditor's statement of

the work done and the amount due fully covered by stipulation of the parties, but no showing whatever is here made as to why the facts sought to be produced here were not proved in the trial court. (Rule 38, Rules of Supreme and District Courts of Appeal.) We are also asked to order to be produced here a bond for release of attachment said to have been filed with the sheriff of Orange County. Nothing appears in the record to show how this, if produced, could have any effect whatever on any question involved in this appeal.

The provision for taking additional evidence in courts of appeal applies only to cases in which it would be appropriate for such court to make findings of fact contrary to, or in addition to, those made by the trial court. No such case is presented by the record here. The findings of the trial court are fully sustained by the evidence, and no good reason for adding to or changing them is shown.

The application for leave to produce additional evidence is denied and the judgment is affirmed.

Sloane, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 6, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1930.